E. R. BAILEY, Appellant, v. CLARINDA TRUST & SAVINGS BANK et al., Appellees.

**BANKS AND BANKING:** Insolvency and Dissolution—Claim For Conversion—Priority. A claim against an insolvent bank for conversion must await the payment of the expense attending liquidation and the payment of depositors. (Sec. 9239, Code of 1924.)

Headnote 1:  7 C. J. pp. 747, 748.

*Appeal from Page District Court.*—TOM C. WHITMORE, Judge.

DECEMBER 15, 1925.

ACTION for conversion of collateral security. The district court held against the plaintiff, and he appeals.—*Reversed and remanded.*

*J. J. Summers* and *Ferguson, Barnes & Ferguson,* for appellant.

*Orr & Turner,* for appellees.

ALBERT, J.—This action was originally commenced against the Clarinda Trust & Savings Bank; but before the case was tried, the bank became insolvent, and the receiver is made party to the action.

Appellant, Bailey, had been the patron of the said bank for many years. He was engaged in a business in which he took promissory notes from his patrons. He usually sold such notes to the bank, or borrowed from the bank and used the promissory notes as security. At one time he cleared up his indebtedness with the bank by giving them a mortgage for $10,000 on his equity in a Kansas City hotel. Subsequently thereto, he borrowed further from the bank, and put up as collateral security two notes: one for $125, made by C. G. Sparks, and another for $1,000, made by Elizabeth Cunningham. Later, by an arrangement with the bank, he made to it a third mortgage for $12,500 on the aforesaid interest in the Kansas City hotel. He claims that, by the execution of this mortgage and note, he settled all of his indebtedness with the bank, and released all collateral security held by it, including the two notes in controversy herein. It appears that, when these two notes were put up with the bank, the transaction was had between the appellant and the then cashier, one Galloway by name. Shortly after the transaction with Galloway, a new cashier was elected, and Galloway moved to Colorado. The transaction involving the making of the $12,500 mortgage was had with one Amen, who was at that time president of the bank. The appellant made demand for the return of these notes, which was refused; and this action was brought in conversion.

The case must largely turn on the question of just how these notes were held by the bank. As above stated, appellant testifies that, when they were originally put up, they were put

up as collateral security; and his testimony stands undenied and unimpeached. No other witness in the case testifies concerning the original transaction. We must, therefore, start with the assumption that, when the notes were put up, they were collateral security.

When Amen became an officer, he made up a book, designating it as "Bills Receivable," and in it he placed a record of these two notes, among others, as bills receivable. When the $12,500 mortgage was made, appellant and a witness, one Brunson, testify that Bailey demanded the two notes in controversy. Amen was unable to find them, and said that they were up with some other bank, and that he would get them and send them to appellant Bailey. The bank held a number of worthless notes belonging to appellant, and Amen and one of the employees of the bank testify that, on the occasion of demand for the two notes in controversy, a dispute arose, and it was finally agreed that it should be settled by the bank's keeping the two notes and turning over to appellant the worthless notes, which amounted to several thousands of dollars, in exchange therefor. That such an agreement was made, is disputed by both appellant and the witness Brunson. We think this dispute is finally disposed of, however, by a receipt given by the bank, by its president, which was made at the same time the $12,500 mortgage was executed. The receipt is as follows:

"Clarinda, Iowa, Dec. 8, 1917

"Received of E. R. Bailey and Sadie G. Bailey a Trust Deed and note for Twelve Thousand Five Hundred Dollars, secured by their interest in Lots One and Two, Block Four, Smart's Second Addition to Kansas City, Mo., known as the St. James Hotel property; such Trust Deed and note is hereby accepted in lieu of all other claims whatsoever, and this is an acknowledgment of a settlement in full for all notes and accounts against the above parties, and the security hereby given in the Trust Deed mentioned, is accepted as adequate and ample and in lieu of any further claims or demands, covering all claims or demands up and to this date, except former deed of trust for $10,000 on St. Joseph Hotel property.

"Clarinda Trust & Savings Bank,

"By J. J. Amen, Pres."

It is apparent from the receipt that this mortgage was made in full settlement for all notes and accounts against the appellant, and in lieu of any further claims or demands, except a former trust deed of $10,000. This being so, whatever collateral security the bank held would thereby be released, and appellant would be entitled to the same. We cannot avoid the conclusion that the bank held these notes as collateral security only, and we reach it without any hesitancy, because the testimony of the officers of the bank shows that there was no record of any kind or description in the bank showing a consideration passing from the bank to the appellant for these two notes.

The appellees insist, however, that the notes did become the property of the bank because of an agreement had, at the time of the making of the $12,500 mortgage, that the bank was to keep these two notes and turn over the other notes, to which reference is above made, to the appellant. Assuming that, in the first place, such agreement was pleaded by appellees herein (which was not done), and in the second place, as above stated, that all collateral security held by the bank was released by the making of this mortgage, appellant was entitled to all the notes held by the bank, including the two in controversy herein; and if such an agreement was made, it was wholly without consideration. On the other hand, we are disposed to hold that the appellant's contention that no such agreement was made, is established by the testimony.

Our conclusion now, without setting out the testimony, is that the district court should have held that appellant was entitled to recover on the two notes.

As heretofore stated, the bank is in the hands of a receiver; and by amendment to the petition, the appellant prayed for judgment establishing his claim as a preferred claim in said receivership. To this relief we do not deem him entitled. The suit is in tort for the conversion of the property, and we have held herein that appellant is entitled to recover; but, in the distribution of the assets of an insolvent bank, the rights of all parties interested therein are fixed by statute. Section 9239, Code of 1924, provides that the assets of an insolvent bank, after the payment of expenses of liquidation and distribution, shall be ratably distributed among the creditors thereof, giving prefer-

ence in payment to depositors. It is our holding, under this section, that the appellant is entitled to establishment of his claim for the amount due on the two notes, but that he is denied the preference prayed for. He is entitled to receive payments on said claim only after the expenses of liquidation and distribution have been paid, and after the depositors have been paid in full.

The case is reversed and remanded for a decree in the lower court in accordance herewith.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.